# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                             Case No. 08-CR-052

TED L. PAPPAS,

    Defendant.

## MAGISTRATE JUDGE'S RECOMMENDATION TO THE HONORABLE CHARLES N. CLEVERT

## NATURE OF CASE

On February 12, 2008, a federal grand jury sitting in this district returned a two-count indictment against defendant Ted L. Pappas. The defendant is charged in both counts with knowingly possessing, shipping and transporting in interstate and foreign commerce, matter containing visual depictions involving the use of minors engaging in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(4)(B). The indictment also contains a forfeiture provision.

On February 29, 2008, the defendant appeared before this court for arraignment, entering a plea of not guilty. Pursuant to the pretrial scheduling order issued at that time, the defendant has filed a motion to suppress all evidence obtained during, or in connection with, the execution of a search warrant issued November 27, 2006. (Docket #25). This motion will be addressed herein.

## MOTION TO SUPPRESS ALL EVIDENCE

The defendant asserts that the search warrant for his residence in Wauwatosa, Wisconsin, was improperly issued based on an affidavit that failed to allege probable cause and, therefore, the search executed pursuant to that warrant violated his Fourth Amendment rights. In asserting that the affidavit in support of the search warrant failed to establish probable cause, the defendant maintains that it merely states that unsolicited e-mails were sent to the defendant and contains no facts that the defendant solicited, received, opened or possessed e-mail containing child pornography. He also contends that the core facts presented in the affidavit were insufficient to establish probable cause since there is no evidence in the affidavit that the defendant had any communication with Michael Golubski or sought child pornography from him or anyone else and, that, in fact, he deleted his screen name "longtalks" from his AOL account on June 28, 2005.

The defendant also contends that the facts in paragraph 24, which form the basis of the "Collector's Profile," are irrelevant to a finding of probable cause because the affidavit contains no facts indicating that the defendant was involved in the collection, procurement, or distribution of images of minors engaged in sexually explicit conduct. Therefore, the defendant asserts that he did not fit the "Collectors's Profile" set forth in paragraph 24

The defendant further asserts that the information in the affidavit regarding the e-mails was stale and, therefore, inadequate to establish probable cause for the search. He points out that the age of the information must be considered because the affidavit does not allege facts indicating any ongoing activity. The defendant seeks a Franks[1] hearing, contending that

---

[1] Franks v. Delaware, 438 U.S. 154 (1978).
- 2 -

material misrepresentations and omissions regarding the facts invalidate the search warrant. Specifically, he asserts that the information in paragraph 16 that computer analysis of Mr. Golubski's computer revealed that he had sent 17 e-mails with image or movie attachments to the e-mail name, long-talks@aol.com, was false. Rather, the defendant asserts, and the government agrees, that the discovery of the 17 e-mails came from material obtained by agents after a search warrant was executed on Mr. Golubski's AOL account. Finally, the defendant asserts in his reply brief that the good faith exception recognized in United States v. Leon, 468 U.S. 897 (1984), does not save this warrant.

In opposing the motion, the government maintains that the affidavit in support of the search warrant, viewed in totality, establishes probable cause to search the defendant's residence. The government contends that, contrary to the defendant's assertion, it was not necessary to establish that the defendant opened or solicited the e-mails. Rather, the government asserts: "For the search of the defendant's house to be reasonable, . . . the affidavit must have supported the inference that child pornography would be found there." (Government's Response to Motion to Suppress [Government's Response] at 8). The government maintains that the affidavit established probable cause to believe that child pornography would be found in the defendant's residence.

The government further asserts that probable cause was not stale at the time the search warrant was issued. Relying on the affiant's assertion that individuals who collect child pornography rarely dispose of such materials, the government states that the passage of 18 months between the time Mr. Golubski sent the e-mails to the defendant and the issuance of the warrant "was not such a long time that there was no longer a 'fair probability' that evidence of child pornography would be found on Pappas's computer." (Government's Response at 11).

- 3 -

The government also asserts that a <u>Franks</u> hearing is not necessary because the defendant has failed to demonstrate intentional or reckless disregard for the truth in the affidavit in support of the search warrant. The government further states that even if the court were to conclude that the affidavit failed to demonstrate probable cause that evidence of a crime would be found in the residence, the good faith exception to the exclusionary rule as set forth in <u>Leon</u> is applicable and would prevent suppression of the evidence.

## **Analysis**

At the outset, the court will address the defendant's request for a <u>Franks</u> hearing. The defendant asserts that he has met the standards for a <u>Franks</u> hearing because a statement in paragraph 16 of the affidavit submitted by Special Agent Hanson in support of the warrant is false. The defendant asserts, and the government concedes, that the discovery of the e-mails came from a search of Mr. Golubski's e-mail account, not from a search of his residence. The defendant contends that when the false statement is removed from the affidavit and the qualified omitted facts inserted, probable cause does not exist for the issuance of the search warrant for his residence.

<u>Franks</u> mandates that a search warrant be voided if a movant establishes by the preponderance of the evidence that:

1) A factual statement made in an affidavit supporting a warrant is false;

2) The affiant made the false statement either knowingly and intentionally or with reckless disregard for the truth; and,

3) Without the false statement, the remainder of the affidavit is insufficient to establish probable cause.

<u>Franks</u>, 438 U.S. at 155-56. To obtain a <u>Franks</u> hearing, a defendant must make a substantial preliminary showing of the three factors. <u>United States v. Merritt</u>, 361 F.3d 1005, 1010 (7th Cir.

- 4 -

2004), vacated on other grounds, Merritt v. United States, 543 U.S. 1099 (2005). The focus of a Franks analysis is on the veracity of the affiant. See United States v. Radtke, 799 F.2d 298, 309 (7th Cir. 1986). "A substantial preliminary showing that the affidavit contained reckless or deliberate falsities and omissions must be followed by a substantial showing that the affidavit purged of those falsities and supplemented by the omissions would not be sufficient to support a finding of probable cause." United States v. McNeese, 901 F.2d 585, 596 (7th Cir. 1990), overruled on other grounds by United States v. Westmoreland, 240 F.3d 618 (7th Cir. 2001). Thus, a police officer violates the Fourth Amendment if he intentionally or recklessly submits untruthful statements in an affidavit used to obtain a search warrant. Franks, 438 U.S. at 155-56.

To prove deliberate falsehood or reckless disregard, a defendant "must offer direct evidence of the affiant's state of mind or inferential evidence that the affiant had obvious reasons for omitting facts." McNeese, 901 F.2d at 594. A defendant seeking a Franks hearing bears a substantial burden to show probable falsity. Id.

In this case, the e-mails to the defendant were found as a result of a search of Mr. Golubski's America Online (AOL) account, not of Mr. Golubski's residence as Agent Hanson averred. The defendant asserts that this inaccuracy is significant because "California agents concealed from Agent Hansen (sic) that the e-mails from Michael Golubski to Pappas were found as a result of an AOL search because then she would have known that Pappas never solicited any child pornography from Michael Golubski." (Defendant's Arguments and Memorandum of Law in Support of Motion to Suppress [Defendant's Memorandum] at 13). The defendant maintains that the California agents had in their possession the information that

- 5 -

the defendant did not solicit any child pornography from Mr. Golubski and also could have known whether the defendant opened the e-mail messages he received from Mr. Golubski.

In their referral to Agent Hanson, the ICE agents in California correctly identified the source of the e-mails. (See Response to Motion to Suppress [Response], Exh. A at 3 [unnumbered]). The referral stated: "Based on information received from the search warrant to Internet Service Provider America Online, screen name/account longtalks@aol.com received suspected child pornography from GOLUBSKI." Id. Thus, this part of Agent Hanson's affidavit was not accurate. However, the defendant has failed to show that the inaccuracies and omissions were made knowingly or intentionally or with reckless disregard for the truth by either Agent Hanson or the Californian ICE Agents. See McNeese, 901 F.2d at 594. Agent Hanson merely made an error in preparing her affidavit or misunderstood the referral. Accordingly, the defendant has not shown that he is entitled to a Franks hearing.

With respect to the defendant's contention that the search warrant is not supported by probable cause, in determining whether probable cause exists to support a warrant, the judge must consider the totality of the circumstances. United States v. Brack, 188 F.3d 748, 755 (7th Cir. 1999) (citing Illinois v. Gates, 462 U.S. 213, 238 [1983]). "The task of the issuing magistrate is simply to make a practical common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." United States v. Newsom, 402 F.3d 780, 782 (7th Cir. 2005), cert. denied, __ U.S. __, 126 S.Ct. 1455 (2006) (quoting Illinois v. Gates, 462 U.S. 213, 238 [1983]).

"Probable cause is established when, based on the totality of the circumstances, the affidavit sets forth sufficient evidence to induce a reasonably prudent person to believe that a search will uncover evidence of a crime." United States v. Peck, 317 F.3d 754, 756 (7th Cir. 2003). "Probable cause denotes more than mere suspicion, but does not require certainty." McNeese, 901 F.2d at 592 (quoting United States v. Ellery, 678 F.2d 674, 677 [7th Cir. 1982]).

"Probable cause does not require direct evidence linking a crime to a particular place. Instead, issuing judges are entitled to draw reasonable inferences about where evidence is likely to be found given the nature of the evidence and the type of offense." United States v. Anderson, 450 F.3d 294, 303 (7th Cir. 2006) (internal quotation marks and citations omitted). Thus, an "affidavit need not contain personal observations that such evidence was kept at the residences." McNeese, 901 F.2d at 596. A judge making a probable cause determination "need not determine that the evidence sought is *in fact* on the premises to be searched . . . or that the evidence is more likely than not to be found where the search takes place. . . . [He] need only conclude that it would be reasonable to seek the evidence in the place indicated in the affidavit." United States v. Malin, 908 F.2d 163, 166 (7th Cir. 1990) (emphasis in original) (quoting United States v. Peacock, 761 F.2d 1313, 1315 [9th Cir. 1985]) ; see also, United States v. Sleet, 54 F.3d 303, 306 (7th Cir. 1995).

It is well-established that probable cause to search cannot be based upon stale information which no longer suggests that the items sought will be found in the place to be searched. Thus, in determining whether probable cause exists, the age of the information in the supporting affidavit is one factor to be considered and "it is less important when the criminal activity in question is apparently continuous." United States v. Watzman, 486 F.3d 1004, 1008 (7th Cir. 2007); see also, United States v. Lamon, 930 F.2d 1183, 1188 (7th Cir. 1991) (citation

- 7 -

omitted) ("[W]here the affidavit recites facts indicating ongoing, continuous criminal activity, the passage of time becomes less critical."); United States v. Chapman, 954 F.2d 1352, 1373, n. 44 (7th Cir. 1992). If other factors indicate that the information is reliable and that the objects of the search are still on the premises, then the magistrate judge should not hesitate to issue a warrant. McNeese, 901 F.2d at 597.

Additionally, a facially valid warrant issued by a neutral detached magistrate judge will be upheld if the police relied on the warrant in good faith. The decision to seek a search warrant is prima facie evidence that an officer was acting in good faith. United States v. Wiley, 475 F.3d 908, 917 (7th Cir. 2007) (citing United States v. Koerth, 312 F.3d 862, 866 [7th Cir. 2002]); Peck, 317 F.3d at 757. "The defendant must defeat this presumption with evidence that the issuing magistrate judge wholly abandoned his judicial role or that the officer's affidavit was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." Wiley, 475 F.3d at 917.

On November 27, 2006, Immigration and Customs Enforcement (ICE) Senior Special Agent Elizabeth Hanson obtained a search warrant for the Wauwatosa, Wisconsin residence of the defendant, Ted Pappas. In support of the search warrant, Special Agent Hanson submitted an affidavit, with the following paragraphs and information specific to the defendant:

> 16. In May 2005, San Diego ICE agents and members of the San Diego Internet Crimes Against Children Taskforce executed a search warrant at Michael Golubski's residence. Computer analysis of Golubski's computers revealed that Golubski had sent and received numerous e-mails with attachments of child pornography. Golubski used the e-mail name: "ExhibMale39" and "bob4funscal@yahoo.com." Between April 5, 2005, and May 1, 2005, Golubski (ExhibMales39) sent 17 e-mails with image or movie attachments to the e-mail name "longtalks@aol.com."
>
> 17. I have viewed all the e-mails sent by ExhibMale 39 to Longtalks. It appears that eleven of the image and/or movie files depict minor girls engaged

- 8 -

in sexually explicit conduct. Five of the images appear to be adult images/movie and one image depicts a girl of questionable age.

(Search Warrant Affidavit [Aff.] ¶¶ 16-17). The affidavit then described in detail three images that were sent to the defendant's e-mail address on April 5, 2005. These three e-mails contained images of nude or partially nude young girls engaged in sexually explicit conduct. The affidavit provided further information about the defendant.

> 18. AOL records indicate that the e-mail address "longtalks@aol.com" is registered to Ted Pappas. As of June 28, 2005, AOL's record shows that the "longtalks" e-mail address was deleted and Ted Pappas' email address became "TedP5785@aol.com.["] . . . As of November 11, 2006, Ted Pappas's account was active and his last log occurred November 7, 2006, at 23:23.

The affidavit also listed the defendant's address and daytime and evening telephone numbers as shown on AOL billing information. Special Agent Hanson further averred:

> 19. Ted Pappas was arrested twice in 1980 by the Kenosha Police Department. Pappas was arrested on March 26, 1980, for disorderly conduct. This charge was later dismissed. Pappas was arrested again on August 27, 1980, for burglary. Pappas was convicted on November 21, 1980, on the burglary charge and received 12 years probation.
>
> 20. As of November 16, 2006, Wisconsin Department of Transportation (DOT) records reflect that Ted M. Pappas driver's license number is "P120-8126-1052-07," which was issued on January 30, 2004. The license will expire on February 12, 2012. Also according to Wisconsin DOT, Ted M. Pappas was born on February 12, 1961. . ..
>
> 21. WE Energies records reflect that Ted Pappas has received service [at his residence] since May 2000.
>
> 22. Wauwatosa Assessor's records, as of November 13, 2006, indicate that Ted Pappas is the owner of [this] residence. . ..
>
> 23. On November 16, 2006, a red mini van bearing the license plate number "643HZE" was parked in the driveway of [the defendant's residence].
> (Aff. ¶¶ 18-23).

- 9 -

The affidavit states that the license for the vehicle is registered to a company located in Milwaukee, Wisconsin. According to the affidavit, a Google search for the company is linked to a particular company's home page. This company's home page listed the defendant as its Wisconsin distributor.

The affiant also stated that, based on her training and experience, as well as the training and experience of other law enforcement personnel, she knows that individuals who collect depictions of minors engaged in sexually explicit conduct rarely, if ever, dispose of or alter these materials. Rather, the affiant stated that such individuals often keep child pornography images for long periods of time and treat them as prized possessions. She also averred that "[t]he dramatically-increased storage capacity of home computers in recent years facilitates the retention of image files for long periods of time; periods of greater than three years are not uncommon." (Aff. ¶ 24C). The affiant further averred that individuals involved in the collection and/or distribution of images of minors engaged in sexually explicit conduct almost always maintain and possess their materials in a place that they consider secure and where the materials are readily accessible. That place, according to the affiant, is most frequently the collector's home.

The warrant authorized agents to search the defendant's residence and seize computers and computer equipment, visual depictions of child pornography, and information pertaining to sexual activity with minors or the distribution, possession or receipt of images of minors engaged in sexually explicit conduct or information pertaining to an interest in such images. The warrant specifically excluded a search of any kind of unopened electronic mail.

Recently, in <u>United States v. Prideaux-Wentz</u>, 2008 U.S. App. LEXIS 19991 (7th Cir. September 12, 2008), the court of appeals for this circuit addressed whether information

- 10 -

relating to child pornography was stale. In Prideaux-Wentz, the affidavit in support of the search warrant included complaints submitted to the Cyber Tip Line of the National Center for Missing and Exploited Children (NCMEC) by Yahoo!, an internet service provider, regarding pictures containing child pornography and erotica that were uploaded to eight Yahoo! e-groups. The affidavit discussed the structure of Yahoo! e-groups and described each Cyber Tip submitted to NCMEC regarding the Yahoo! ID[2] "jackinpulpit2001" and the e-mail address "jackinpulpit2001@yahoo.com." The affidavit further stated that between August 15, 2003, and January 28, 2004, NCMEC received nineteen Cyber Tips that the "user with the 'jackinpulpit2001 ID uploaded sixty-nine images to different Yahoo! e-groups, pictures that [the agent] identified as both child pornography and child erotica." Id. at *4.

In addition, the agent provided information in the affidavit regarding "child pornography collector characteristics," which was based on his own experience, along with expert opinions from other FBI agents in the field. The agent averred that "[c]hild pornography collectors almost always maintain and possess their material in the privacy and security of their homes or some other secure location where it is readily available." Id. at *5. The agent also averred that "the collector [of child pornography] rarely, if ever, disposes of the collection." Id. As a result of this information, a search warrant was issued and executed on February 2, 2006.

The court recognized that "'[t]here is no bright-line test for determining when information is stale.'" Id. (quoting United States v. Koelling, 992 F.2d 817, 822 (8th Cir. 1993). The court acknowledged that it had suggested "that the staleness argument takes on a different meaning in the context of child pornography because of the fact that collectors and distributors rarely,

---

[2]The Yahoo! ID is a unique identifier of a user's account, and an ID, along with a password, is required tin order to use Yahoo!'s services. Prideaux-Wentz, 2008 U.S. App. LEXIS 19991 *4.

- 11 -

if ever, dispose of their collections." Id. The court found that the warrant failed to indicate when the child pornography was uploaded to the Yahoo! e-groups and there was no way for the court to determine when it was uploaded. The court explained, however, that the record suggested that the images could have been uploaded as many as two years prior to the receipt of the Cyber Tips and, therefore, the information would have been at least four years old by the time the government applied for a warrant.

The court pointed out that, unlike the situation in Newsom, there was no new evidence of continuing criminal activity to "freshen" the stale evidence. Cf. Newsom, 402 F.3d at 783. Although declining to find evidence two to four years old stale as a matter of law, the court concluded that the evidence relied upon to obtain the warrant was stale and that the warrant lacked probable cause. "The four year gap, without more recent evidence, undermines the finding that there was probable cause that the images would be found during the search." Prideaux-Wentz, 2008 U.S. App. LEXIS 19991 *11.

In this case, the affidavit in support of the search warrant stated that the defendant received by e-mail eleven images of child pornography between April 5, 2005 and May 1, 2005. The search warrant was issued November 27, 2006, 18 months after the images were sent. Although the defendant asserts that this information was stale and, therefore, does not establish probable cause to search his residence, evidence that is 18 months old is not stale as a matter of law and, in fact, evidence in child pornography cases older than 18 months has been found sufficient to establish probable cause. Id. at *10 (citing cases).

In this case, however, the only connections between the defendant and child pornography as alleged in the affidavit are the e-mails embedded with child pornography sent to the defendant by Mr. Golubski between April 5, 2005, and May 1, 2005. The affidavit is

- 12 -

Case 2:08-cr-00052-CNC    Filed 10/21/08    Page 12 of 16    Document 34

devoid of any evidence that the defendant communicated with Mr. Golubski in any way prior to or after the receipt of the e-mails. There is no evidence that the defendant solicited the e-mails containing the child pornography. Moreover, the affidavit indicates that the defendant's e-mail address to which Mr. Golubski sent the e-mails was deleted in June of 2005, shortly after the e-mails were sent. It could reasonably be inferred that the defendant deleted this e-mail account because he was receiving these e-mails sent by Mr. Golubski.

Regardless, the affidavit fails to provide any information that the defendant is a collector of child pornography. Rather, it includes only boilerplate statements about child pornography collectors generally. "In order to rely on profiles, the affidavit must lay a foundation which shows that the person subject to the search is a member of the class." Prideaux-Wentz, 2008 U.S. App. LEXIS 19991 *14 (quoting United States v. Weber, 923 F.2d 1338, 1345 [9th Cir. 1990]) (holding that the affidavit in that case did not establish probable cause that the defendant was a child molester when the "expert" portion of the affidavit was "foundationless" and clearly "was not drafted with the facts of this case or this particular defendant in mind."). As the court stated in Prideaux-Wentz, "'[rambling boilerplate recitations designed to meet all law enforcement needs' do not produce probable cause." 2008 U.S. App. LEXIS 19991 *`4. (quoting U.S. v. Zimmerman, 277 F.3d 426, 433 n. 4 [3rd Cir. 2002] [quoting Weber, 923 F.2d at 1345]). Thus, although it is well-established that expert opinion may be presented in a search warrant affidavit, it "must be tailored to the specific facts of the case to have any value." Zimmerman, 277 F.3d at 433 n. 4.

Here, there was nothing specific to the defendant to indicate that he was a collector of child pornography. Absent this foundation, the "collector profile" set forth in paragraph 24 of the affidavit did not apply to the defendant. See Prideaux-Wentz, 2008 U.S. App. LEXIS

- 13 -

19991 *14. Moreover, the affidavit does not contain any more recent evidence of continuing criminal activity to bolster probable cause and freshen the older information. See e.g., Newsom, 402 F.3d at 783. Therefore, considering the totality of the information in the affidavit, the evidence relied upon to obtain the search warrant of the defendant's residence was stale. Accordingly, the court concludes that the warrant lacked probable cause.

The court must now determine whether the warrant can be upheld based on the "good faith" exception recognized in Leon, 468 U.S. at 926. In that case, the Supreme Court held that an officer's good faith reliance on a court's determination of probable cause should not lead to the exclusion of probative evidence simply because a reviewing court later determined that probable cause was lacking. Thus, a facially valid warrant issued by a neutral, detached magistrate will be upheld if the police relied on the warrant in good faith. Id. As noted, the decision to seek a warrant is prima facie evidence that the agent was acting in good faith. Wiley, 475 F.3d at 917, United States v. Olson, 408 F.3d 366, 372 (7th Cir. 2005), Koerth, 312 F.3d at 866.

The defendant can "rebut this evidence, 'if the issuing judge wholly abandoned his judicial role and failed to perform his neutral and detached function, serving merely as a rubber stamp for the police or . . . the affidavit submitted in support of the warrant was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.'" Prideaux-Wentz, 2008 U.S. App. LEXIS 19991 *11-12 (quoting United States v. Olson, 408 F.3d 366, 372 [7th Cir. 2005]) (internal quotations omitted).

The defendant asserts that Agent Hanson's reckless omission prevented the issuing judge from "knowing that Agent Hansen (sic) chose not to review the contents of the San Diego file so as to ascertain if the child pornography was solicited by Pappas or opened on his

- 14 -

computer." (Defendant's Reply to Government's Response to Defendant's Motion to Suppress [Defendant's Reply] at 12). The defendant also asserts that a reasonable officer would have known that the warrant affidavit was lacking in probable cause because the affidavit establishes that the evidence was stale and that there was no foundation to rely on the collector profile assertions. In addition, the defendant points out that he deleted the screen name to which the e-mails were sent and that there was no evidence that the defendant ever solicited child pornography or that he received or opened the e-mails sent by Mr. Golubski.

The court has concluded that the affidavit in support of the search warrant involved only general boilerplate statements about individuals who collect child pornography. The agent's statements about child pornography collectors is not tailored to the specific facts in this case or with this defendant in mind. Moreover, it cannot reasonably be inferred from the information presented in the affidavit that the defendant was a collector. The affidavit is devoid of any information to show that the defendant himself is a child pornography collector or meets the collector's profile.

Without information specific to the defendant or some indices of ongoing conduct, the affidavit lacked any foundation to rely on the collector's profile. As the court points out in Prideaux-Wentz, 2008 U.S. App. LEXIS 19991 *4, "rambling boilerplate recitations designed to meet all law enforcement needs" are insufficient to establish probable cause. (citations omitted).

Here, the affiant, as an experienced agent, should reasonably have concluded that the defendant did not meet the collector's profile and, therefore, that the affidavit in support of the warrant did not establish probable cause for the search. The search warrant affidavit "was so lacking in probable cause as to render official belief in its existence entirely unreasonable." Id.

- 15 -

Case 2:08-cr-00052-CNC    Filed 10/21/08    Page 15 of 16    Document 34

at 11-12. As a result, the search warrant cannot be upheld based on the "good faith" exception articulated in Leon.

In sum, the affidavit in support of the search warrant was stale and lacked probable cause. In addition, under the particular facts and circumstances of this case, the warrant cannot be saved by the "good faith" exception recognized in Leon. Therefore, the court will recommend that the United States district judge enter an order granting the defendant's motion to suppress.

## CONCLUSION

**NOW, THEREFORE, IT IS HEREBY RECOMMENDED** that the United States district judge enter an order **granting** defendant Pappas' motion to suppress all evidence obtained during a search of his residence. (Docket #25).

Your attention is directed to 28 U.S.C. § 636(b)(1)(A) and General Local Rule 72.3 (E.D. Wis.), whereby written objections to any recommendation herein or part thereof may be filed within ten days of service of this order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 21st day of October 2008.

BY THE COURT:

s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge